UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ERIC COLEMAN,

                         Plaintiff,

                -against-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

                         Defendants.

----------------------------------------------------------------------X

Index No: _____ / 17

**VERIFIED COMPLAINT**

Jury Trial Demanded

Plaintiff, complaining of the defendants, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint, upon information and belief, as follows:

## THE PARTIES

1. At all times mentioned herein, the plaintiff, ERIC COLEMAN is a resident of the City and State of New York, County of Kings.

2. Upon information and belief, at all times relevant to this complaint, the defendant NATIONAL RAILROAD PASSENGER CORPORATION d/b/a Amtrak ("AMTRAK") is a corporation organized and existing pursuant to the laws of the United States of America.

## JURISDICTION

3. AMTRAK "is a citizen only of the District of Columbia when deciding original jurisdiction of the district courts of the United States in a civil action." 49 U.S.C. § 24301(b).

4. Plaintiff is a citizen and resident of the State of New York, County of Kings.

5. This Court has subject matter of jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the plaintiffs and the defendant are residents of different states, and the amount in controversy exceeds $75,000.

## THE UNDERLYING FACTS

6. Upon information and belief, on or about June 1, 2015 ("ACCIDENT DATE"), and at all times relevant to this complaint, the defendant AMTRAK was the owner of the real property known as Skillman Yard in Sunnyside, Queens, New York ("ACCIDENT LOCATION").

7. Upon information and belief, on the ACCIDENT DATE and a the ACCIDENT LOCATION, the plaintiff was employed by Tutor-Perini working in the Skillman Yard, performing erection, demolition, repairing, altering, painting, cleaning and/or pointing of a building and structure.

8. Upon information and belief, on or about the ACCIDENT DATE, and at all times relevant to this complaint, the plaintiff was employed for the performance of such labor at ACCIDENT LOCATION.

9. On or about the ACCIDENT DATE, during the course of his employment, the plaintiff was hammering a spike into the ground when the spike moved and plaintiff was caused to become injured.

10. As a result of the accident described above, the plaintiff was caused to suffer severe and permanent injuries, including: crush injury, right index finger; 1.9 cm laceration, active bleeding, and swelling over the second PIP and joint; acute comminuted displaced fracture of the second proximal phalangeal neck, right hand; plaintiff was rendered sick, sore, lame and disabled; required to undergo diagnostic testing and treatment with drugs and medications;

required to be hospitalized and/or to receive medical care and attention; severe mental anguish and distress and emotional upset; extensive expenses have been and/or will be incurred for medical and hospital treatment; plaintiff was required to receive medical care and attention and upon information and belief will require addition medical care and attention in the future; plaintiff was required to undergo diagnostic testing including x-ray and/or MRI and/or CT scan; plaintiff was required to undergo physical therapy and/or will require additional therapy in the future; plaintiff has been required to take medication and upon information and belief may be required to take such medication in the future; plaintiff's ability to pursue his usual duties and vocation has been impaired; plaintiff has become substantially disabled; plaintiff has suffered severe mental anguish and distress; osteoarthritic changes are anticipated; extreme pain and suffering; and plaintiff has been otherwise damaged; upon information and belief, the cost to the plaintiff of life insurance and/or disability insurance has been substantially increased; all of these injuries are permanent in nature and continuing into the future.

## AS AND FOR A FIRST CLAIM FOR RELIEF

11. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

12. On or about the ACCIDENT DATE, the plaintiff was lawfully present at the ACCIDENT LOCATION.

13. On the ACCIDENT DATE, the plaintiff was performing work within the scope of Labor Law §§ 240, 241(6), and 200.

14. At all times relevant to this complaint, the defendants failed to furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays,

ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices so constructed, placed and operated as to give proper protection to the plaintiff.

15. Upon information and belief, the plaintiff's injury occurred due to the actions of the defendants, their agents, servants, employees, contractors and/or others in that violated Labor Law §§ 240, 241(6), and 200 by: failing to provide plaintiff with proper tools and equipment; required plaintiff to work in the rain; failed to provide plaintiff with a means to manage an unpredictably moving spike; failing to provide a proper hoist, pulley, stay, sling, hanger, block, brace, iron, rope, or other devices; failing to have proper helpers; failing to supply and utilize a proper and sufficient hoist; failing to comply with the applicable statutes, laws, rules and regulations, including without limitation 12 NYCRR 23-1.7, 1.8, 1.10, 1.12, 1.13, 1.32, 2.2, 3.2, 3.3, 4.1, 9.2, 9.4, and 9.5; failing to have properly trained, efficient, and sufficient personnel; acted careless and grossly negligent; and the defendants were otherwise reckless, careless and negligent.

16. By reason of the foregoing, the defendants are absolutely liable to the plaintiff for his injuries, without any reduction for comparative negligence.

17. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the negligence, carelessness and recklessness of the defendants, such injuries being set forth in detail above.

18. By reason of the foregoing, the plaintiff is entitled to recover the full extent of his damages, in an amount to be determined by the jury at trial.

**AS AND FOR A SECOND CLAIM FOR RELIEF**

19. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

20. Upon information and belief, the plaintiff's injury occurred due to the recklessness, carelessness, and negligence of the defendants, their agents, servants, employees, contractors and/or others by: failing to provide plaintiff with proper tools and equipment; failed to provide plaintiff with a means to manage an unpredictably moving spike; failing to provide a proper hoist, pulley, stay, sling, hanger, block, brace, iron, rope, or other devices; failing to have proper helpers; failing to supply and utilize a proper and sufficient hoist; failing to comply with the applicable statutes, laws, rules and regulations, including without limitation 12 NYCRR 23-1.7, 1.8, 1.10, 1.12, 1.13, 1.32, 2.2, 3.2, 3.3, 4.1, 9.2, 9.4, and 9.5; failing to have properly trained, efficient, and sufficient personnel; acted careless and grossly negligent; and the defendants were otherwise reckless, careless and negligent.

21. The defendants are jointly and severally liable to the plaintiff pursuant to the exceptions set forth in CPLR Article 16.

22. At all times mentioned herein, plaintiff was caused to suffer severe and permanent personal injures due to the negligence, carelessness and recklessness of the defendants, such injuries being set forth in detail above.

23. By reason of the foregoing, the plaintiff is entitled to recover the full extent of her damages, in an amount to be determined by the jury at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated:   Brooklyn, New York
         June 9, 2017

                                        Yours,

                                        THE BERKMAN LAW OFFICE, LLC
                                        *Attorneys for the plaintiff*

by: _____
    Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627